SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone:   (415) 436-6967
    Facsimile:    (415) 436-6748
    Email:       jennifer.s.wang@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MINNIE L. ESPINO,<br><br>          Plaintiff,<br><br>    v.<br><br>UNITED STATES POSTAL SERVICE and JOHN E. POTTER, Postmaster General of the United States Postal Service,<br><br>          Defendants. | No. C 07-4642 MHP<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>Date:     December 10, 2007<br>Time:    2:00 p.m.<br>Courtroom 15, 18th Floor |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE THAT on **December 10, 2007, at 2:00 p.m.**,[1] or as soon thereafter as counsel may be heard, before Hon. Marilyn H. Patel, 450 Golden Gate Avenue, Courtroom 15, 18th Floor, San Francisco, California, defendants United States Postal Service ("Postal Service") and John E. Potter, Postmaster General of the Postal Service, ("the Postmaster General") will move this Court for an order dismissing the defendants from this case. This motion is based on this notice, the memorandum of points and authorities in support thereof, the pleadings on file in this action, all the matters of record filed with the Court, and such other

---

[1] The defendant's motion to dismiss the original complaint, filed on September 14, 2007, was noticed for hearing on December 10, 2007, but is now moot.

evidence as may be submitted or considered by the Court and on such oral argument as the Court may permit.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to Civil L.R. 7-3(a), any opposition to this motion must be served and filed not less than 21 days before the hearing date.

## STATEMENT OF RELIEF REQUESTED

The defendants request an order dismissing the Postal Service and the Postmaster General from the case.

## ISSUES TO BE DECIDED

1. Is the Postal Service a proper defendant in this case?
2. Is the Postmaster General a proper defendant in this case?

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This motion requests the Court to dismiss the Postal Service and the Postmaster General from this Federal Tort Claims Act ("FTCA") action. Previously, on September 14, 2007, the Postal Service moved for dismissal. Prior to filing its motion to dismiss, the Postal Service attempted, without success, to get plaintiff to amend her complaint to substitute the United States as the proper party. Subsequently, plaintiff amended her complaint, naming both the Postal Service and the Postmaster General as defendants.

The Court should grant defendants' motion to dismiss.

### II. BACKGROUND

On August 8, 2007, plaintiff Minnie L. Espino, filed a personal injury complaint in Alameda Superior Court. Plaintiff alleges that she slipped and fell while descending from stairs at the Post Office located at 201 13th Street, Oakland, California. (Attach. to Am. Compl. ("An Administrative Tort to Form 95") at 1-2). Plaintiff alleges that plastic tape covering part of the staircase handrail caused her fall. (*Id.*). Plaintiff further alleges that as a result of the fall, she suffered injury to her ankle and shoulder. (*Id.* at 2-3).

Plaintiff named two offices of the Postal Service – the Bay Delivery Program and the Postal Service's Legal Division – as defendants in the action. The Postal Service removed the

action to federal court on September 10, 2007. On September 14, 2007, the Postal Service moved for dismissal. On or about September 24, 2007, plaintiff served an amended complaint, alleging the same personal injury claims as she made in the original complaint, but adding the Postmaster General as a defendant. (Am. Compl. at 1).

### III.    THE COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS

#### A.    Standards for Motion to Dismiss

On a motion to dismiss, the Court takes as true all material allegations of the complaint. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). These allegations are taken in the light most favorable to plaintiff. *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995).

#### B.    Defendants Should be Dismissed from the Case

Plaintiff's tort claims are brought pursuant to the FTCA  Under the FTCA, the only proper defendant is the United States, not the Postal Service, an agency, or the Postmaster General, the head of a government agency. To the extent plaintiff attempts to allege an FTCA claim against anyone other than the United States, her claim should fail. *See* 28 U.S.C. § 2679; *Woods v. United States*, 720 F.2d 1451, 1452 n. 1 (9th Cir. 1983). Thus, the United States should be substituted in place of the Postal Service and the Postmaster General. 28 U.S.C. § 2679(a); *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984).

### V.    CONCLUSION

The defendants request that the Court grant their motion to dismiss.

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

Dated: October 2, 2007

/s/

JENNIFER S WANG
Assistant United States Attorney