SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone:  (415) 436-6967
    Facsimile:   (415) 436-6748
    Email:      jennifer.s.wang@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MINNIE L. ESPINO, ) <br> ) <br>     Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> UNITED STATES POSTAL SERVICE and ) <br> JOHN E. POTTER, Postmaster General of ) <br> the United States Postal Service, ) <br> ) <br>     Defendants. ) <br> ) <br> ) | No. C 07-4642 MHP <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** <br><br> Date: TBD <br> Time: TBD <br> Courtroom 15, 18th Floor |

## I. INTRODUCTION

Defendants the United States Postal Service and John E. Potter, Postmaster General of the United States Postal Service, (collectively, "the federal defendants") oppose plaintiff's motion to remand this Federal Tort Claims Act ("FTCA") action to state court. First, plaintiff did not timely file and notice her motion to remand. Second, the state court does not have jurisdiction over FTCA actions; such actions must be heard in federal court. Finally, defendants timely removed this action. For these reasons, the Court should deny plaintiff's motion to remand.

///

///

## II. BACKGROUND

On August 8, 2007, plaintiff Minnie L. Espino, filed a personal injury complaint in Alameda Superior Court. Plaintiff alleges that she slipped and fell while descending from stairs at the Post Office located at 201 13th Street, Oakland, California. (Attach. to Am. Compl. ("An Administrative Tort to Form 95") at 1-2). According to plaintiff, plastic tape covering part of the staircase handrail caused her fall. (*Id.*). Plaintiff further alleges that as a result of the fall, she suffered injury to her ankle and shoulder. (*Id.* at 2-3).

Plaintiff named two offices of the Postal Service – the Bay Delivery Program and the Postal Service's Legal Division – as defendants in the action. The Postal Service received notice of the complaint on or about August 9, 2007. (Declaration of Joseph Doyle in Opposition to Motion to Remand ("Doyle Decl.") ¶¶ 2-3, Ex. 1 (Summons)). On September 10, 2007, the Postal Service removed the action to federal court, and on September 14, 2007, moved for dismissal. On or about September 24, 2007, plaintiff served an amended complaint, alleging the same personal injury claims, but adding the Postmaster General as a defendant. (Am. Compl. at 1). Plaintiff included her motion to remand as an attachment to her amended complaint. The federal defendants filed a motion to dismiss the amended complaint on October 2, 2007.[1]

## III. ISSUES TO BE DECIDED

1. Did plaintiff timely file her motion to remand?.
2. Does this Court have jurisdiction over plaintiff's FTCA claims?
3. Did defendants timely remove this action?

## IV. THE COURT SHOULD DENY MOTION TO DISMISS

### A. Legal Standard

A federal court may exercise removal jurisdiction over a case only if jurisdiction existed over the suit as originally brought by the plaintiff. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of establishing that federal subject matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1995 (9th Cir. 1988). In determining the existence of removal

---

[1] The federal defendants have also filed an administrative motion for leave of court to file their motion to dismiss.

jurisdiction, the court must look to the complaint as of the time the removal petition was filed. *O'Halloran v. University of Washington*, 856 F.2d 1375, 1379 (9th Cir. 1988). Jurisdiction is based on the complaint as originally filed and not as amended. *Id*.

### A.   Plaintiff Did Not Timely File Her Motion for Remand.

Pursuant to Civil Local Rules 7-1 and 7-2, plaintiff must present her request for remand through a motion "filed, served and noticed" for hearing not less than 35 days after service of the motion. Plaintiff served her motion on September 24, 2007, without indicating on what date a hearing on her motion will be heard. Because plaintiff has not complied with Civil Local Rules 7-1 or 7-2, her motion for remand should be denied..

### B.   This Court Has Jurisdiction Over Plaintiff's FTCA Claims.

This Court has exclusive, original jurisdiction over plaintiff's personal injury claims. The FTCA provides the exclusive remedy for personal injury claims allegedly caused by negligence or wrongful acts by federal employees, and the district courts have exclusive jurisdiction over such claims. 28 U.S.C. § 1346(b); 28 U.S.C. § 2675(a),(b). Because personal injury claims alleging negligence by the Postal Service must be brought in district court, removal was proper. 28 U.S.C. § 1441(a).[2]

Contrary to plaintiff's contention, this Court can exercise removal jurisdiction without waiting for a state court determination regarding the propriety of the district court's jurisdiction. This Court "ha[s] jurisdiction to determine its own jurisdiction." *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 807 n.3 (9th Cir. 2001). Moreover, the filing of the notice of removal with the state court immediately effects removal of the action and prohibits the state court from proceeding any further in the case unless it is remanded. 28 U.S.C. § 1446(d).

### C.   The Defendants Timely Removed this Action to Federal Court.

This action was timely removed to federal court. Defendant, the Postal Service,

---

[2] In her motion, plaintiff notes that, after the Postal Service filed its notice of removal, she amended her complaint to add the Postmaster General as a defendant, but does not explain why remand is necessary as a result of the amendment. Rather, plaintiff appears to have added the Postmaster General to clarify that her personal injury claims are brought against the Postal Service. The district court has removal jurisdiction over such claims. *See* 28 U.S.C. § 1346; 28 U.S.C. § 1441(a).

1  received summons on August 9, 2007.  (*See* Doyle Decl. ¶¶ 2-3, Ex. 1).  Pursuant to 28 U.S.C. §
2  1446(b) and Federal Rule of Civil Procedure 6(a), the Postal Service had until September 10,
3  2007 to file its notice of removal.  The Postal Service removed this action on September 10,
4  2007.[3]  (*See* Notice of Removal).

**V.  CONCLUSION**

The defendants request that the Court deny plaintiff's motion to remand.

Respectfully submitted,
SCOTT N. SCHOOLS
United States Attorney

Dated: October 4, 2007                               /s/
                                        _____
                                        JENNIFER S WANG
                                        Assistant United States Attorney

---

[3] Plaintiff also appears to dispute whether defendant, the Postal Service, timely filed a response to the original complaint. Federal Rule of Civil Procedure 81(c) provides that a defendant may file its response to the plaintiff's complaint within 5 days after the filing of the petition for removal. The Postal Service filed its motion to dismiss the original complaint on September 14, 2007, four days after filing its notice of removal.