SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6967
    FAX: (415) 436-6748

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MINNIE ESPINO, ) | No. C 07-4642 MHP |
| ) | |
|     Plaintiff, ) | **DEFENDANTS' CASE** |
| ) | **MANAGEMENT CONFERENCE** |
|     v. ) | **STATEMENT AND [PROPOSED]** |
| ) | **ORDER** |
| UNITED STATES POSTAL SERVICE ) | |
| and JOHN E. POTTER, Postmaster ) | Date: January 7, 2008 |
| General of the United States Postal ) | Time: 4:00 p.m. |
| Service, ) | Ctrm: 15, 18th Floor |
| ) | |
|     Defendants. ) | |

    Pursuant to Civil Local Rule L.R.16-9, which permits parties to file separate case management statements if one of the parties is not represented by counsel, defendants submit this Case Management Statement.

**1. JURISDICTION AND SERVICE**

    This action is brought under the Federal Tort Claims Act, 28 U.S.C. sec. 1346(b)(1). Defendants moved to dismiss plaintiff's first amended complaint on the ground that defendants

the United States Postal Service and the John E. Potter, Postmaster General, are not proper defendants in a Federal Tort Claims Act case. The Court granted defendant's motion to dismiss on December 11, 2007, providing plaintiff leave to amend her complaint.

On December 27, 2007, defendant received notification from the Court's Electronic Case Filing ("ECF") system that plaintiff filed a second Amended Complaint and a Request for Waiver of Process. However, plaintiff has not yet provided defendant with a copy of either the second Amended Complaint or the Request for Waiver of Process.

## 2. FACTS

### A. Brief chronology of the facts:

Plaintiff alleges that on or about November 20, 2006, she slipped and fell while descending from stairs at the Post Office located at 201 13th Street, Oakland, California. Plaintiff alleges that plastic tape covering part of the staircase handrail caused her fall, and that as a result of the fall, she suffered injury to her ankle and shoulder.

### B. The principal factual issues in dispute:

The parties believe the following factual issues are presently in dispute:

(1) Whether an unreasonably dangerous condition existed.

(3) Whether defendants were on notice of an unreasonably dangerous condition.

(4) Whether plaintiff's alleged injuries were proximately caused by negligent or otherwise wrongful acts or omissions of defendants.

(5) Whether plaintiff's alleged injuries were proximately caused by negligent or otherwise wrongful acts or omissions of plaintiff.

(6) The percentage of fault of the plaintiff and/or other third party in the plaintiff's alleged injuries.

(7) The amount and nature of any damages plaintiff has suffered due to the alleged accident.

### 3. LEGAL ISSUES

The parties believe the following legal issues are presently in dispute:

(1) Whether plaintiff will be able to carry her burden of proof to show duty, breach of duty, proximate cause, and damages.

### 4. MOTIONS

Defendants filed a motion to dismiss, which the Court granted, with leave to amend, on December 11, 2007. No motions are pending.

If plaintiff's second Amended Complaint continues to name defendants as parties in this action, defendants will move for dismissal. Following expert consultation and discovery, defendants might move for summary judgment or adjudication of issues under Federal Rule of Civil Procedure 56.

### 5. AMENDMENT OF PLEADINGS

Defendants have not yet received a copy of plaintiff's second Amended Complaint, and have not yet filed an Answer in this case.

### 6. EVIDENCE PRESERVATION

Defendants are taking, and will continue to take, all reasonable steps to preserve any evidence relevant to the issues reasonably evident in this lawsuit. Defendants are presently aware of no document destruction programs that would apply in this case.

### 7. DISCLOSURES

The parties have agreed that defendants will make Rule 26 initial disclosures within 14 days of defendants' receipt of plaintiff's second Amended Complaint. Defendants request that plaintiff provide her initial disclosures by January 21, 2008.

### 8. DISCOVERY

Defendants have not yet taken discovery. At this time, defendants anticipate taking discovery on the following subjects: the facts surrounding the alleged November 20, 2006 accident; the plaintiff's physical condition before and after the alleged accident; and the scope,

nature and extent of plaintiff's claim for compensatory relief and damages. To that end, defendants anticipate propounding interrogatories, requests for admission, and requests for production of documents, and anticipate deposing plaintiff and the witnesses she might identify in her initial disclosures. In addition, to the extent plaintiff seeks damages for any physical, mental or emotional distress, defendants will request that she submit to an independent medical examination. Furthermore, defendants may designate experts in this case.

Defendants request that the usual discovery limitations set forth in the Federal Rules of Civil Procedure and Civil Local Rules, including the 25-interrogatory limit under Rule 33 and 10-deposition limit under Rule 30, apply.

**9. CLASS ACTIONS**

Not applicable.

**10. RELATED CASES**

Defendants know of no related cases.

**11. RELIEF**

Defendants seek dismissal or a judgment in their favor.

**12. SETTLEMENT AND ADR**

The parties have not yet participated in any settlement discussions and have not yet agreed on an ADR process. Defendants are willing to participate in mediation.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendants do not consent to the assignment of this case to a Magistrate Judge.

**14. OTHER REFERENCES**

None at this time.

**15. NARROWING OF ISSUES**

None at this time.

**16. EXPEDITED SCHEDULE**

Defendants do not believe an expedited schedule is appropriate for this case.

## 17. SCHEDULING

Proposed fact discovery cut-off: August 8, 2008

Proposed expert discovery cut-off: September 19, 2008

Proposed dispositive motion hearing cut-off: December 8, 2008

Proposed dispositive motion filing deadline: November 3, 2008

Proposed pre-trial conference date: January 26, 2009

Proposed trial date: February 16, 2009

## 18. TRIAL

By statute, trial in this action will be a bench trial. Defendants anticipate that trial will last two to three days.

## 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

As governmental entities, defendants are exempt from the disclosure requirement of Civil Local Rule 3-16.

## 20. OTHER MATTERS THAT MAY FACILITATE DISPOSITION

None at this time.

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

Dated: December 28, 2007

/s/ 
JENNIFER S. WANG
Assistant United States Attorney
Attorneys for Defendants

**[PROPOSED] ORDER**

Defendants' Case Management Statement is hereby adopted by the Court as the Case Management Order for this case and the parties are ordered to comply with this Order. In addition, the Court orders:

Dated: _____, 2008

_____
MARILYN HALL PATEL
United States District Judge