JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6967
FAX: (415) 436-6748

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MINNIE ESPINO,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant. | No. C 07-4642 MHP<br><br>**DEFENDANTS' FURTHER CASE MANAGEMENT STATEMENT**<br><br>Date:   March 10, 2008<br>Time:  3:00 p.m.<br>Ctrm:  15, 18th Floor |

Defendant respectfully notifies the Court that since the last Case Management Conference on January 7, 2008, plaintiff has filed an amended complaint and completed service on the defendant.

**1. JURISDICTION AND SERVICE**

This action is brought under the Federal Tort Claims Act, 28 U.S.C. sec. 1346(b)(1). Defendants the United States Postal Service and John E. Potter, Postmaster General, moved to dismiss plaintiff's first amended complaint on the ground that they are not proper defendants in

a Federal Tort Claims Act case. The Court granted defendants' motion to dismiss on December 11, 2007, providing plaintiff leave to amend her complaint.

At the January 7, 2008, case management conference, the Court ordered plaintiff to file an amended complaint naming only the United States as defendant within ten days. On February 15, 2008, the Court again ordered plaintiff to file an amended complaint naming only the United States and gave plaintiff fourteen days to file. Plaintiff filed an amended complaint on February 25, 2008 naming the "United States, et Al" and seeking damages against defendants "A," "B," and "C." Plaintiff has served the amended complaint on defendant.

**2. FACTS**

    A.    **Brief chronology of the facts:**

Plaintiff alleges that on or about November 20, 2006, she slipped and fell while descending from stairs at the Post Office located at 201 13th Street, Oakland, California. Plaintiff alleges that plastic tape covering part of the staircase handrail caused her fall, and that as a result of the fall, she suffered injury to her ankle and shoulder. Plaintiff alleges that her medical coverage was cut-off and that he medical bills have not been paid.

    B.    **The principal factual issues in dispute:**

Defendant believes the following factual issues are presently in dispute:

(1) Whether an unreasonably dangerous condition existed.

(3) Whether defendants were on notice of an unreasonably dangerous condition.

(4) Whether plaintiff's alleged injuries were proximately caused by negligent or otherwise wrongful acts or omissions of defendants.

(5) Whether plaintiff's alleged injuries were proximately caused by negligent or otherwise wrongful acts or omissions of plaintiff.

(6) The percentage of fault of the plaintiff and/or other third party in the plaintiff's alleged injuries.

(7) The amount and nature of any damages plaintiff has suffered due to the alleged

accident.

### 3. LEGAL ISSUES

Defendant believes the following legal issues are presently in dispute:

(1) Whether plaintiff will be able to carry her burden of proof to show duty, breach of duty, proximate cause, and damages.

(2) Whether plaintiff can allege a claim for restoration of her medical insurance coverage against the United States.

(3) Whether plaintiff has alleged the proper defendants.

### 4. MOTIONS

Defendants United States Postal Service and John E. Potter filed a motion to dismiss, which the Court granted, with leave to amend, on December 11, 2007. No motions are pending. Plaintiff's new amended complaint appears to name defendants other than the United States. Defendant's research is ongoing, but defendant anticipates that it will move to dismiss plaintiff's claim for reinstatement of her medical insurance for failure to state a claim, for a more definite statement as to her claims against defendant, and to strike redundant, immaterial and impertinent material from plaintiff's amended complaint. Following expert consultation and discovery, defendants might move for summary judgment or adjudication of issues under Federal Rule of Civil Procedure 56.

### 5. AMENDMENT OF PLEADINGS

Plaintiff's complaint appears to name defendants other than the United States. Plaintiff names defendants A, B and C. It is unclear what entities plaintiff references.

### 6. EVIDENCE PRESERVATION

Defendant is taking, and will continue to take, all reasonable steps to preserve any evidence relevant to the issues reasonably evident in this lawsuit. Defendant is presently aware of no document destruction programs that would apply in this case.

### 7. DISCLOSURES

Defendant will make Rule 26 initial disclosures within 14 days of the Case Management Conference. Defendant requests that plaintiff provide her initial disclosures by March 31, 2008.

**8. DISCOVERY**

Defendant has not yet taken discovery. At this time, defendant anticipates taking discovery on the following subjects: the facts surrounding the alleged November 20, 2006 accident; the plaintiff's physical condition before and after the alleged accident; and the scope, nature and extent of plaintiff's claim for compensatory relief and damages. To that end, defendant anticipates propounding interrogatories, requests for admission, and requests for production of documents, and anticipates deposing plaintiff and the witnesses she might identify in her initial disclosures. In addition, to the extent plaintiff seeks damages for any physical injury, defendant will request that she submit to an independent medical examination. Furthermore, defendant may designate experts in this case.

Defendant requests that the usual discovery limitations set forth in the Federal Rules of Civil Procedure and Civil Local Rules, including the 25-interrogatory limit under Rule 33 and 10-deposition limit under Rule 30, apply.

**9. CLASS ACTIONS**

Not applicable.

**10. RELATED CASES**

Defendant knows of no related cases.

**11. RELIEF**

Defendant seeks dismissal or a judgment in their favor.

**12. SETTLEMENT AND ADR**

The parties have not yet participated in any settlement discussions and have not yet agreed on an ADR process. Defendant is willing to participate in mediation.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendant does not consent to the assignment of this case to a Magistrate Judge.

**14. OTHER REFERENCES**

None at this time.

**15. NARROWING OF ISSUES**

None at this time.

**16. EXPEDITED SCHEDULE**

Defendant does not believe an expedited schedule is appropriate for this case.

**17. SCHEDULING**

Proposed fact discovery cut-off: December 29, 2008

Proposed expert discovery cut-off: January 16, 2009

Proposed dispositive motion hearing cut-off: March 2, 2009

Proposed dispositive motion filing deadline: January 26, 2009

Proposed pre-trial conference date: April 6, 2009

Proposed trial date: April 20, 2009

**18. TRIAL**

By statute, trial in this action will be a bench trial. Defendant anticipates that trial will last two to three days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

As a governmental entity, defendant is exempt from the disclosure requirement of Civil Local Rule 3-16.

**20. OTHER MATTERS THAT MAY FACILITATE DISPOSITION**

None at this time.

                              Respectfully submitted,

                              JOSEPH P. RUSSONIELLO
United States Attorney

Dated: March 3, 2008                      /s/
                              JENNIFER S WANG
Assistant United States Attorney
Attorneys for Defendants

DEF.' FURTHER CASE MANAGEMENT CONFERENCE STATEMENT
AND [PROPOSED] ORDER
C 07-4642 MHP                      5

**[PROPOSED] ORDER**

Defendant's Further Case Management Statement is hereby adopted by the Court as the Case Management Order for this case and the parties are ordered to comply with this Order. In addition, the Court orders:

Dated: _____, 2008

                                                _____
                                                MARILYN HALL PATEL
                                                United States District Judge