JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6967
    FAX: (415) 436-6748

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MINNIE ESPINO, | No. C 07-4642 MHP |
|     Plaintiff, | **FEDERAL DEFENDANT'S ANSWER TO AMENDED COMPLAINT** |
|     v. | |
| UNITED STATES OF AMERICA, | |
|     Defendant. | |

    For its Answer to plaintiff's Amended Complaint, Defendant United States of America, admits, denies, and alleges as follows:

    1. Paragraph 1 contains legal conclusions and jurisdictional allegations to which no response is required.

    2. Paragraphs 2 and 3 contain prefatory statements to which no response is required.

    3. Paragraph 4 contains prefatory statements to which no response is required. To the extent a response is required, defendant admits that the United States Postal Service filed a

FEDERAL DEFENDANT'S ANSWER TO AM. COMPLAINT
C 07-4642 MHP

1  notice of removal of Alameda County Superior Court case number RG07339743 on or about
2  September 10, 2007.  Except as expressly admitted, all remaining allegations of Paragraph 4 are
3  denied.
4      4.  Defendant admits that the United States Postal Service has a Post Office at 201 13st
5  Street, Oakland, California.  Except as expressly admitted, all remaining allegations of
6  Paragraph 5 are hereby denied.
7      5.  Defendant denies the allegations of Paragraph 6.
8      6.  Defendant denies the allegations of Paragraph 7.
9      7.  Defendant denies the allegations of Paragraph 8.
10     8.  Defendant denies the allegations of Paragraph 9.
11     9.  Defendant denies the allegations of Paragraph 10.
12     10.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph
13 11, and on that basis denies the allegations of this paragraph.
14     11.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph
15 12, and on that basis denies the allegations of this paragraph.
16     12.  Defendant denies the allegations of Paragraph 13.
17     13.  Defendant admits that on or about March 26, 2007, the United States Postal Service
18 received an administrative claim from plaintiff.  Except as expressly admitted, all remaining
19 allegations of Paragraph 14 are hereby denied.
20     14.  Paragraph 15 contains Plaintiff's prayer for relief, to which no answer is required.
21     15.   Pages 3 and 4 contain excerpts of 28 U.S.C. § 2679 to which no answer is required.

### RESPONSES TO DECLARATION OF MINNIE L. ESPINO

    16.  Defendant incorporates its responses to paragraphs 1 through 15 above, and
incorporates each response therein as though fully set forth herein.
    17.  Defendant lacks sufficient information to admit or deny Paragraph 1 of the
Declaration of Minnie L. Espino.
    18.  Defendant denies the allegations of Paragraph 2 of the Declaration of Minnie L.

FEDERAL DEFENDANT'S ANSWER TO AM. COMPLAINT
C 07-4642 MHP                          2

1  Espino.

2      19. Defendant admits that on or about March 26, 2007, the United States Postal Service received an administrative claim from plaintiff. Except as expressly admitted, all remaining allegations of Paragraph 3 of the Declaration of Minnie L. Espino are hereby denied.

**RESPONSES TO ATTACHMENT ENTITLED "AMENDED COMPLAINT FEDERAL RULE OF CIVIL PROCEDURE, RULE 4[c] AND RULE 15[a]"**

    20. Defendant incorporates its responses to paragraphs 1 through 19 above, and incorporates each response therein as though fully set forth herein.

    21. Paragraphs 1, 2, 3, and 4 of the document entitled "Amended Complaint Federal Rule of Civil Procedure, Rule 4(c) and Rule 15(a)," contain jurisdictional allegations, legal conclusions, and a procedural history to which no answer is required. To the extent any response is required, defendant admits that the United States Postal Service filed a notice of removal of Alameda County Superior Court case number RG07339743 on or about September 10, 2007 and denies all remaining allegations of Paragraphs 1, 2, 3, and 4.

    22. Defendant admits that the United States Postal Service has a Post Office at 201 13th Street, Oakland, California. Except as expressly admitted, all remaining allegations of Paragraph 5, including the referenced allegations of Exhibit A, are hereby denied.

    23. Defendant denies the allegations of Paragraph 6.

    24. Defendant admits that the United States Postal Service received a claim from plaintiff on or about March 26, 2007. Except as expressly admitted, all remaining allegations of Paragraphs 7 and 8 are hereby denied.

    25. Defendant denies the allegations of Paragraph 9.

    26. Defendant denies the allegations of Paragraph 10.

    27. Defendant denies the allegations of Paragraph 11.

    28. Defendant denies the allegations of Paragraph 12.

    29. Paragraphs 13 and 14 contain plaintiff's prayer for relief to which no answer is required.

**RESPONSES TO EXHIBIT A**

30. Defendant incorporates its responses to paragraphs 1 through 29 above, and incorporates each response therein as though fully set forth herein.

31. Paragraph 1 of Exhibit A contains jurisdictional allegations and legal conclusions to which no answer is required.

32. Defendant admits that on or about March 26, 2007, the United States Postal Service received an administrative claim from plaintiff and that the United States Postal Service has a Post Office at 201 13st Street, Oakland, California.  Except as expressly admitted, all remaining allegations of Paragraph 2 are hereby denied.

33. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 3 and on that basis denies the allegations of this paragraph.

34. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 4 and on that basis denies the allegations of this paragraph.

35. Defendant denies the allegations of Paragraph 5.

36. Defendant denies the allegations of Paragraph 6, including paragraphs 6(1),6(2), 6(3), 6(4) and 6(5).

37. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 7 and on that basis denies the allegations of this paragraph.

38. Defendant denies the allegations of Paragraph 8.

39. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 9 and on that basis denies the allegations of this paragraph.

40. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 10 and on that basis denies the allegations of this paragraph.

41. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 11 and on that basis denies the allegations of this paragraph.

42. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 12 and on that basis denies the allegations of this paragraph.

43. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 13 and on that basis denies the allegations of this paragraph.

44. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 14 and on that basis denies the allegations of this paragraph.

45. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 15 and on that basis denies the allegations of this paragraph.

46. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 16 and on that basis denies the allegations of this paragraph.

47. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 17 and on that basis denies the allegations of this paragraph.

48. Exhibit B contains no allegations and requires no answer.

49. Exhibit C contains no allegations and requires no answer.  To the extent an answer is required, defendant denies the allegations of the attached Claim for Damage, Injury, or Death.

The allegations not specifically responded to above are denied.  And further answering, defendant avers:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This Court is without subject matter jurisdiction over plaintiff's claims.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust her administrative remedies as to each and every claim.

### THIRD AFFIRMATIVE DEFENSE

The complaint and each claim asserted therein fail to state a cause of action upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her damages, if any, and any recovery or award should be reduced accordingly.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff may recover only those damages allowed under the law.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, is barred by the doctrine of unclean hands, laches, estoppel, and/or res judicata.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statue of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant is entitled to absolute, sovereign, and/or qualified immunity.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, if any, were proximately caused by plaintiff's own negligent or otherwise wrongful conduct.

### TENTH AFFIRMATIVE DEFENSE

The United States of America, through its employees, exercised due care and diligence in all matters relevant to the subject matter of plaintiff's complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, if any, were not proximately caused by any negligent or otherwise wrongful act or omission of any employee of the United States.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were proximately caused by the intervening or superseding acts of someone other than an employee of the United States acting within the scope of his employment.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any recovery or other award made against the United States herein must be reduced by the percentage of fault of the plaintiff and/or other third party, and any recovery or other award made against the United States herein for non-economic damages must be limited to the percentage of fault, if any, of the United States.

///

FEDERAL DEFENDANT'S ANSWER TO AM. COMPLAINT
C 07-4642 MHP                                          6

### FOURTEENTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2675, Plaintiff is prohibited from claiming or recovering an amount against the United States in excess of that which was set forth in any claim presented to the United States.

### FIFTEENTH AFFIRMATIVE DEFENSE

Under 28 U.S.C. § 2674, plaintiff is barred from recovering civil penalties, treble damages, and any amount for prejudgment interest against the United States of America.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred by the discretionary function exception to the Federal Tort Claims Act.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant contests the extent of plaintiff's claimed injuries, whatever they may be, as well as plaintiff's assertion that these injuries, resulting treatment, alleged requirement for future treatment and/or residual effects were caused by the accident referenced in plaintiff's complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant contests the amount and/or reasonable necessity of any claim for damages for which plaintiff seeks relief in her complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

Under 28 U.S.C. § 2412(d)(1)(A), Plaintiff cannot recover attorney's fees from the United States of America.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant denies that it or any of its agents or employees were negligent and/or breached any standard of care due the plaintiff and/or engaged in any conduct which was the proximate cause of the injuries, damages and losses allegedly incurred by plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Any injury, damages and/or loss alleged to have been incurred by plaintiff was or may

have been occasioned by comparative negligence and if so, plaintiff's damages shall be reduced by said percentage of fault.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The alleged incident was cause by carelessness, recklessness or negligence of the plaintiff, and consisted of, but was not limited to, the following: failing to keep a proper lookout; failing to devote full time and attention to what she was doing; and failing to act with that degree of care which a reasonably prudent person would have exercised for her own safety under the same or similar circumstances.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's recovery is limited to the damages recoverable under the Federal Tort Claims Act.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend this answer to assert any other defenses in law or equity that may become apparent through the course of discovery and to raise any other matter constituting an avoidance or affirmative defense.

### PRAYER FOR RELIEF

WHEREFORE, defendant requests that the Court enter judgment in favor of the defendant, that the Complaint be dismissed, and that the defendant be granted such other and further relief as the Court may deem just and proper, including recovery of all costs of suit and appropriate fees.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: March 26, 2008           /s/
JENNIFER S WANG
Assistant United States Attorney
Attorneys for Defendant