1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  JENNIFER S WANG (CSBN 233155)
   Assistant United States Attorney
4
5     450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495
      Telephone: (415) 436-6967
6     FAX: (415) 436-6748

7  Attorneys for Defendant

8  MINNIE L. ESPINO
   720 Solano Avenue
9  Albany, California 94706
   (510) 528-4299
10

11

12

13                 UNITED STATES DISTRICT COURT
14
                NORTHERN DISTRICT OF CALIFORNIA
15
                    SAN FRANCISCO DIVISION
16

17

18  MINNIE ESPINO,                    )    No. C 07-4642 MHP
                                      )
19          Plaintiff,                )    **JOINT STATUS CONFERENCE**
                                      )    **STATEMENT**
20      v.                            )
                                      )    Date:      June 16, 2008
21  UNITED STATES OF AMERICA,         )    Time:      3:00 p.m.
                                      )    Ctrm:      15, 18th Floor
22              Defendant.            )
                                      )
23  _____  )

24        The parties respectfully notify the Court that since the last Case Management

25  Conference on March 17, 2008, the parties have participated in a phone conference with the

26  ADR Program and on or about April 29, 2008, plaintiff filed a Declaration in Support of

27  Application for Assignment to the Assisted Settlement Conference Program.  Plaintiff states

28  that on or about June 4, 2008, she received notice of the assignment of settlement counsel to

assist her in a settlement conference.  No settlement conference date has been set.

## 1.  JURISDICTION AND SERVICE

This action is brought under the Federal Tort Claims Act, 28 U.S.C. sec. 1346(b)(1). Defendants the United States Postal Service and John E. Potter, Postmaster General, moved to dismiss plaintiff's first amended complaint on the ground that they are not proper defendants in a Federal Tort Claims Act case.  The Court granted defendants' motion to dismiss on December 11, 2007, providing plaintiff leave to amend her complaint.

Plaintiff filed a second amended complaint on February 25, 2008 naming the "United States, et Al" and seeking damages against defendants "A," "B," and "C."  By the Court's bench order on March 17, 2008, any defendants, excluding the United States of America, were dismissed from the lawsuit.  Defendant United States of America answered the second amended complaint on March 26, 2008.

## 2.  FACTS

### A.    Brief chronology of the facts:

Plaintiff alleges that on or about November 20, 2006, she slipped and fell while descending from stairs at the Post Office located at 201 13th Street, Oakland, California. Plaintiff alleges that plastic tape covering part of the staircase handrail caused her fall, and that as a result of the fall, she suffered injury to her ankle and shoulder.  Plaintiff further alleges that her medical coverage was cut-off and that her medical bills have not been paid.  Defendant denies these allegations.

### B.    The principal factual issues in dispute:

Defendant believes the following factual issues are presently in dispute:

(1) Whether an unreasonably dangerous condition existed.

(3) Whether defendant was on notice of an unreasonably dangerous condition.

(4)  Whether plaintiff's alleged injuries were proximately caused by negligent or otherwise wrongful acts or omissions of defendant.

(5) Whether plaintiff's alleged injuries were proximately caused by negligent or

otherwise wrongful acts or omissions of plaintiff.

(6) The percentage of fault of the plaintiff and/or other third party in the plaintiff's alleged injuries.

(7) The amount and nature of any damages plaintiff has suffered due to the alleged accident.

## 3. LEGAL ISSUES

Defendant believes the following legal issues are presently in dispute:

(1) Whether plaintiff will be able to carry her burden of proof to show duty, breach of duty, proximate cause, and damages.

(2) Whether plaintiff can allege a claim for restoration of her medical insurance coverage against the defendant.

## 4. MOTIONS

Defendants United States Postal Service and John E. Potter filed a motion to dismiss, which the Court granted, with leave to amend, on December 11, 2007. No motions are pending. Following expert consultation and discovery, defendant might move for summary judgment or adjudication of issues under Federal Rule of Civil Procedure 56.

## 5. AMENDMENT OF PLEADINGS

Defendant anticipates no amendment of its answer at this time and does not intend to join any additional parties.

## 6. EVIDENCE PRESERVATION

Defendant is taking, and will continue to take, all reasonable steps to preserve any evidence relevant to the issues reasonably evident in this lawsuit. Defendant is presently aware of no document destruction programs that would apply in this case.

## 7. DISCLOSURES

Defendant has provided plaintiff with its Rule 26 initial disclosures. Plaintiff has not yet provided her initial disclosures.

## 8. DISCOVERY

Defendant has not yet taken discovery. At this time, defendant anticipates taking discovery on the following subjects: the facts surrounding the alleged November 20, 2006 accident; the plaintiff's physical condition before and after the alleged accident; and the scope, nature and extent of plaintiff's claim for compensatory relief and damages.  To that end, defendant anticipates propounding interrogatories, requests for admission, and requests for production of documents, and anticipates deposing plaintiff and the witnesses she might identify in her initial disclosures.  In addition, to the extent plaintiff seeks damages for any physical injury, defendant will request that she submit to an independent medical examination. Furthermore, defendant may designate experts in this case.

Defendant requests that the usual discovery limitations set forth in the Federal Rules of Civil Procedure and Civil Local Rules, including the 25-interrogatory limit under Rule 33 and 10-deposition limit under Rule 30, apply.

## 9.  CLASS ACTIONS

Not applicable.

## 10.  RELATED CASES

Defendant knows of no related cases.

## 11.  RELIEF

Defendant seeks dismissal or a judgment in its favor.

Pro Se Plaintiff Minnie Espino seeks judgment in her favor as requested in her Amended Complaint.

## 12.  SETTLEMENT AND ADR

The parties have not yet participated in any settlement discussions.  At the March 17, 2008, case management conference, the Court referred this matter to the ADR program for appointment of counsel for plaintiff for settlement purposes.  Plaintiff informed defendant's counsel that on or about June 4, 2008, plaintiff received notice from the ADR Program of the assignment of settlement counsel to assist her in a settlement conference in this matter.

Pro Se Plaintiff is presently in the process of retaining Settlement Counsel through the

Assisted Mediation/Settlement Conference Program.

**13.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendant does not consent to the assignment of this case to a Magistrate Judge.

**14.  OTHER REFERENCES**

None at this time.

**15.  NARROWING OF ISSUES**

None at this time.

**16.  EXPEDITED SCHEDULE**

Defendant does not believe an expedited schedule is appropriate for this case.

**17.  SCHEDULING**

Defendant proposes the following dates:

Proposed fact discovery cut-off: February 13, 2009

Proposed expert discovery cut-off: February 13, 2009

Proposed dispositive motion hearing cut-off: April 20, 2009

Proposed dispositive motion filing deadline: March 16, 2009

Proposed pre-trial conference date: May 25, 2009

Proposed trial date: June 15, 2009

Plaintiff states that she has not yet had an opportunity to determine whether the above-listed dates will work for her.

**18.  TRIAL**

By statute, trial in this action will be a bench trial.  Defendant anticipates that trial will last three days.

**19.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

As a governmental entity, defendant is exempt from the disclosure requirement of Civil Local Rule 3-16.

**20.  OTHER MATTERS THAT MAY FACILITATE DISPOSITION**

None at this time.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: June 9, 2008

_____/s/_____
JENNIFER S WANG
Assistant United States Attorney
Attorneys for Defendant

Date: June __, 2008

_____
MINNIE ESPINO[1]

---

[1] On June 9, 2008, during a telephone conference, plaintiff gave defendant's counsel her verbal approval for the filing of this joint case status conference statement. However, plaintiff is currently in the process of relocating and has not been able to provide defendant's counsel with written authorization to sign and file this statement on her behalf. Prior to filing, defendant's counsel provided plaintiff, and at plaintiff's request, her assigned settlement counsel, with a draft joint case status conference statement. At plaintiff's request, defendant's counsel has incorporated comments provided by plaintiff and her assigned settlement counsel to this joint case status conference statement.